IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

LARISSA RUSH, )
 )
            Plaintiff, )
 )
       v. ) No. 14-3132-SSA-CV-S-MJW
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
 )
           Defendant. )

**ORDER**

Plaintiff Larissa Rush seeks judicial review[1] of a final administrative decision denying plaintiff Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on June 25, 2015. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

After consideration of the parties' arguments and a review of the record, this Court finds the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence in the record. Here, the plaintiff is thirty-one years old with a ninth grade education and bases her application for disability on allegations of chronic pain, migraines, back pain, neck pain, post-traumatic stress disorder, panic attacks, obsessive compulsive disorder, and depression. This Court finds that the ALJ's credibility determination of the plaintiff and consideration of the medical opinion evidence in this case was proper. Further, the ALJ's finding that the plaintiff could perform work that exists in significant numbers in the national economy is supported by the record. The plaintiff has not met her burden in this case.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 26th day of June, 2015, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge